# GAMMETER v. THROPP.

PATENTS; INTERFERENCE; PATENTABILITY; REDUCTION TO PRACTICE; BURDEN OF PROOF; APPEAL AND ERROR; TRIAL; PUBLIC USE; DILIGENCE.

1. The question of priority, and not of invention, is involved in an interference case; and therefore the matter of patentability will not be therein considered. (Citing *Putnam* v. *Wetmore*, 39 App. D. C. 138.)

2. The burden of proof as to reduction to practice rests, in an interference case, upon the junior party.

3. The unanimous findings of the tribunals of the Patent Office, that a junior party in interference did not reduce to practice before the senior party's filing date, will not be disturbed on appeal to this court, where the question is one solely of fact and no error is clearly apparent.

4. The denial of a motion of a junior party in interference, to amend his preliminary statement by alleging an earlier reduction to practice, is not error where his evidence shows tests which either did not

amount to reduction to practice or, even if sufficient, were no more than the senior party did at a still earlier date by way of reduction to practice.

5. The issues in an interference, reciting an apparatus for forming pneumatic tires, comprising in combination a core upon which a tire may be formed, a bead-adjusting device comprising an annular ring having a seat on its periphery for the reception of a bead, and a shoulder thereon for centering the ring with respect to the core (or a bead-applying form adapted to hold a formed bead ring and to be placed adjacent to fabric on said core), whereby a bead on the core may be accurately located on a tire formed on the core by a lateral movement of the bead-adjusting device,—are satisfied by the device of the senior party, whose application states that the bead is to be placed in position on the recess of the ring, and the latter moved laterally with respect to the core until the bead is brought into immediate contact with the tire foundation, when such pressure is exerted as will cause it to adhere.

6. The question whether the use by a party to an interference of a device embodied by the issues, for two years before filing his application, constituted a public use which bars his right to a patent, will not be considered in interference. (Citing *Burson* v. *Vogel*, 29 App. D. C. 388 and *Norling* v. *Hayes*, 37 App. D. C. 169.)

7. The party to an interference who was the first to conceive and the first to reduce to practice is entitled to priority, and the question of diligence becomes immaterial.

No. 929. Patent Appeal. Submitted November 12, 1914. Decided December 7, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to John E. Thropp, appellee.

The invention in issue is what is known as a "bead-placing ring" used in the rubber tire making art for locating beads in the margins of the shoes or casings of pneumatic vehicle tires. It is described in appellant's application for patent as

follows: "By my invention I use an annular ring or form which I locate in some definite manner with relation to the core upon which the tire is built up, using this ring or form to insure the proper location of the bead. I preferably secure the bead to the ring or form before locating the same with reference to the core, then apply the ring carrying the bead to the core, properly locating the same, and moving the ring and bead carried thereby into engagement with the tire upon the core. The bead will then adhere to the tire, and the ring may be removed, leaving the bead secured to the tire in the desired position."

The counts of the interference are as follows:

"1. Tire-forming apparatus comprising in combination a core upon which the tire may be formed, a bead-adjusting device having an annular seat thereon for receiving and carrying a clincher bead, and provided with means for centering the device with respect to the core, the said device being arranged to move laterally into position to bring the bead thereon into close contact with a tire on the core.

"2. Tire-forming apparatus comprising in combination a core upon which the tire may be formed, a bead-adjusting device comprising an annular ring having a seat on its periphery for the reception of a bead, and a shoulder thereon for centering the ring with respect to the core, whereby a bead on the core may be accurately located on a tire formed on the core by a lateral movement of the bead-adjusting device.

"3. A tire-forming machine comprising in combination a core upon which the tire may be formed, a bead-applying form adapted to hold a formed bead ring and to be placed adjacent to fabric on said core, and means for centering the said form with respect to said core."

This interference involves an application filed by appellee October 20, 1908, and an application filed by appellant February 2, 1911, which is a division of, and was substituted for, his original application filed December 2, 1909.

*Mr. George A. Hutchinson, Mr. Robert M. Pierson,* and *Mr. Seward Davis* for the appellant.

*Messrs. Brown & Seward* and *Mr. William McK. Barber* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant contends that the counts of the interference are not patentable to either party in view of the prior art. The question before us is one of priority, and not of invention, and therefore this contention will not be considered. *Putnam* v. *Welmore,* 39 App. D. C. 138.

Appellant in his preliminary statement alleged conception and disclosure in February, 1907, and reduction to practice in September, 1908. He subsequently filed a motion for leave to file an amended preliminary statement alleging reduction to practice prior to April 1, 1907. This motion was denied, with the privilege of renewing it at the final hearing, which was accordingly done, but again denied. The refusal of the Commissioner to grant this motion is assigned as error.

It was found by the tribunals below that appellant conceived and disclosed the invention in issue in the early part of 1907. It also appears that at this time he made a device, which was tested in the following manner as described in his own testimony: "This I took up to the experimental room and put a bead in and pushed it on to the tire, withdrew the ring and saw that the idea was all right, stripped the bead from the tire, and laid the ring back on a pile of abandoned parts of the Vincent machine." True, the two other witnesses, Abler and Huston, testify as to further tests, but of their testimony the Board of Examiners in Chief, in their opinion, said: "Abler and Huston say that the tests were more extended than this, but such statements upon their part can only be taken to show that the testimony of these witnesses is unreliable. Gammeter would certainly be better informed than they as to the facts, and he must be presumed to have testified fully on this apparently vital subject." The tribunals below were all agreed that this testimony was insufficient to prove such tests as were necessary to establish reduction to practice prior to appellee's filing

date, since appellant admitted that the bead had not been incorporated into a completed tire.

The tribunals below were also unanimous in holding that, if appellant's contention were correct that, because of the simple nature of the device, no further test was necessary, then the work done by appellee in 1905 and 1906 also amounted to a reduction to practice. Appellant is here with the burden of proof on him as the junior party, and also with the unanimous decisions of the tribunals of the Patent Office against him. Under such circumstances, where, as here, the question is one solely of fact, we will not disturb the findings below unless error is clearly apparent. A careful examination of the record fails to disclose that such is the case. Since appellant cannot prevail on either view of the evidence, the motion to amend his preliminary statement was properly refused.

But it is contended by appellant that neither the device upon which appellee relies for a reduction to practice, nor that disclosed in his application as originally filed, meets the requirements of the issue, since it consists of "a ring with a substantially flat periphery, incapable either of receiving the bead, exerting lateral pressure against it to form it or to apply it, or of sustaining a bead throughout its circumference," while his application discloses an annular ring "which receives, forms, and applies the bead." From this he urges that, if the counts of the interference are not limited to his construction, they are unpatentable in view of the evidence as to certain rings previously used in the Goodrich factory. However, it will be observed that the issue does not require that the ring, by lateral pressure exerted against it, shall apply the bead. Neither do we think that it is necessary to read such a limitation into the issue in order to uphold its validity. The construction to be placed upon the counts is properly stated by the Board of Examiners in Chief as follows: "In our opinion these counts are not broad enough to cover a mere guide ring which is used to direct a bead strip into place as it is fed around the tire, nor are they broad enough to cover such a ring when used merely as a means of locating a previously formed bead ring upon a tire by

springing the bead ring over the guide ring when the latter is in place upon the tire. The broadest of these counts characterizes the ring as a 'bead applying form;' and states that it is 'adapted to hold a formed bead ring and to be placed adjacent to fabric on said core.' We take this language to require a form on which a bead ring may be seated prior to the application of the form to the tire, and one which may be used to carry the bead ring which is seated thereon into its proper position on the tire. On the other hand, none of the counts are so narrow as to exclude any bead-applying ring merely because a roller or spade is required, in connection therewith, to cause the bead to adhere to the tire. In view of the interpretation of the counts above stated, it is clear that the early use of guide rings in the Goodrich factory which Gammeter urges as a bar to the allowance of claims corresponding to the counts was not, so far as can be gathered from the record, a use of the subject-matter here in issue. It is not clear that the guide rings which were used in 1902 were adapted to receive and securely hold a bead ring before the guide ring was placed in position upon the tire." Appellee in his application clearly states that the bead is to be placed in position on the recess in the ring, and the latter moved laterally with respect to the core until the bead is brought into immediate contact with the tire foundation, when such pressure is exerted as will cause it to adhere. This completely satisfies the requirements of the issue.

It is further contended by appellant that if the device constructed by appellee in 1905 constituted a reduction to practice, it also constitutes a public use for more than two years prior to the filing of his application, and, therefore, no valid patent can be granted. This question is not before this court. *Burson* v. *Vogel,* 29 App. D. C. 388; *Norling* v. *Hayes,* 37 App. D. C. 169.

Appellee, being the first to conceive and the first to reduce to practice, is entitled to an award of priority, and the question of his diligence becomes immaterial.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                   *Affirmed.*